BARFIELD, Judge,
dissents:
The majority reverses on the judge of compensation claims’ observation in his findings that “the various histories given by the claimant to his medical providers would seem consistent with Mr. Driver’s testimony.” There actually was some inconsistency between what the claimant told some of his medical providers and what Mr. Driver reported claimant told him, i.e., that claimant injured himself while exercising. Nevertheless, there is no reason to believe the judge would consider any different result on remand in view of all the findings made in the order and specifically the findings on credibility of claimant and Mr. Driver set out in paragraphs 10, 11 and 12 and of the order as follows:
10. The claimant and Mr. Driver appeared live before the undersigned at the Final Hearing, and as a result, the undersigned has had an opportunity to consider the live testimony and demeanor of both witnesses. As stated above, there is a conflict between the testimony of the claimant and the testimony of Mr. Driver. Resolution of this conflict is essential to the determination of the issues in this case. The undersigned specifically finds that Mr. Driver made for an extremely credible witness. Mr. Driver’s testimony is therefore accepted over that of the claimant. Therefore, it is found that the claimant’s groin injury (hernia) is not related to the claimant’s employment. The various histories given by the claimant to his medical providers would seem consistent with Mr. Driver’s testimony.
11. Moreover, Mr. Driver testified as to the Cooker’s policy regarding the handling of work-related accidents. Mr. Driver testified that it is the Cooker’s policy that all work-related accidents shall be reported to the injured worker’s supervisor immediately, and that the supervisor is to arrange for the injured worker to receive medical treatment. Mr. Driver testified that this policy was complied with in relation to the claimant’s work-related accident on March 25, 1993, and that it would have been complied with in May 1993, had the claimant reported that his groin pain was related to his employment. However, the claimant did not report to the employer that the groin pain was related to the employment. This testimony of Mr. Driver is also accepted.
12. It is specifically found that the claimant’s hernia is not compensable. The claimant told the employer that he was experiencing left groin pain because of ex- *77 ereise. It is found that the cause of the claimant’s hernia is the claimant’s exercise activity, or is otherwise unknown by the claimant. However, the hernia is not causally related to the claimant’s employment, and is thereby not compensable.
There is no reason to believe the judge would think the claimant more truthful to some of his doctors than he was as a witness. I would affirm.